JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Funt, Zachary

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Harvey and Barbara B. Hill, Steve Harvey Law LLC, 1880 John F. Kennedy Blvd, Suite 1715, Philadelphia, PA 19103
(215) 438-6600

## DEFENDANTS

Kuo, Angeliqua

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 2701

Brief description of cause:
Violation of Stored Communications Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 06/29/2020

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Zachary Funt c/o Steve Harvey Law LLC, 1880 John F. Kennedy Blvd, Suite 1715, Philadelphia, PA 19103

Address of Defendant: Angeliqua Kuo, 304 B Friendship Avenue, Hellam, PA 17406

Place of Accident, Incident or Transaction: Online and Philadelphia, PA

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/29/2020 Must sign here [signature] *Attorney-at-Law / Pro Se Plaintiff* 58233 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ______________
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* ______________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ______________, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ______________ Sign here if applicable *Attorney-at-Law / Pro Se Plaintiff* ______________ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| ZACHARY FUNT | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| ANGELIQUA KUO | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| 06/29/2020 | [signature] | Zachary Funt |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-438-6600 | 215-438-6666 | steve@steveharveylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**STEVE HARVEY LAW LLC**
By: Stephen G. Harvey
Barbara B. Hill
PA ID Nos. 58233 and 206064
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
Steve@steveharveylaw.com
Barbara@steveharveylaw.com

*Attorneys for Plaintiff*
*Zachary Funt*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZACHARY FUNT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ANGELIQUA KUO,**<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Civil Action No. ______________________** |

## COMPLAINT

Plaintiff Zachary Funt ("Plaintiff"), by and through his undersigned attorneys, brings this Complaint against Defendant Angeliqua Kuo ("Defendant") and alleges as follows:

## SUMMARY OF THE CASE

1. Plaintiff brings this action against Defendant after years of her repeated, intentional, reckless, and harmful conduct, including her unauthorized

access of Plaintiff's Verizon Wireless account to commit fraud and theft that has resulted in both financial and emotional harm to Plaintiff.

2. Defendant and Plaintiff years ago had a brief romantic relationship. Defendant's harassment of Plaintiff has continued for over three years since Plaintiff ended their relationship. Defendant has refused to stop harassing Plaintiff despite his many requests to her to leave him alone.

3. Defendant's misconduct reached its pinnacle in March 2020 when she intentionally hacked into Plaintiff's Verizon Wireless account, made unauthorized and fraudulent changes to his account, and accessed his personal and financial information through the account. These unauthorized actions by Defendant were aimed at continuing her long pattern of harassing Plaintiff and were designed to force Plaintiff to continue paying for her mobile phone service without his knowledge or consent.

4. As a result of this unauthorized and illegal access of his Verizon Wireless account, Plaintiff has suffered financial, as well as emotional harm. He was forced to change all of his banking information, enroll in credit and fraud monitoring protection, change all of his email accounts, seek mental health counseling, and miss days of work which resulted in lost income to him.

5. Defendant's conduct violated federal statutes designed to protect private electronic information, as well as Pennsylvania law. Plaintiff therefore brings this action against Defendant seeking injunctive relief, compensatory damages, and other relief.

## THE PARTIES

6. Plaintiff Zachary Funt is an adult residing in Philadelphia, Pennsylvania[1].

7. Defendant Angeliqua Kuo is an adult residing at 304 B Friendship Avenue, Hellam, Pennsylvania 17406.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Sec. 1331, providing for original jurisdiction of all civil actions arising under the laws of the United States.

9. Venue is proper in the United States District Court for the Eastern District of Pennsylvania because both parties are residents of the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

10. Plaintiff and Defendant began a romantic relationship in April 2014. At the time their relationship started, both parties lived in the York, Pennsylvania, area.

11. Plaintiff attempted to end the relationship with Defendant in early June 2014.

12. Shortly thereafter, Defendant announced she was pregnant and that Plaintiff was the putative father of the child.

---

[1] Plaintiff's address is withheld from this filing to reflect the Protection from Abuse Order awarded to him and against Defendant on March 10, 2020, discussed *infra*.

13. In August 2014, Defendant moved into Plaintiff's apartment.

14. Plaintiff began paying some of Defendant's living expenses, including Defendant's mobile phone bill, payment of which he made by auto-debit from his bank account.

15. Immediately after Defendant moved in with Plaintiff, Plaintiff regretted the decision because Defendant had lied to him about her background and her character.

16. Defendant quit her job and depended entirely on Plaintiff for her financial needs for the next year.

17. Defendant also used Plaintiff's bank account and credit cards to purchase numerous unnecessary items. This frivolous spending led to a pattern of insufficient funds for Plaintiff's monthly bills.

18. Defendant gave birth to the child, of which Plaintiff was the putative father[2], in March 2015.

19. Up to and after the child's birth, Defendant continued to frivolously spend Plaintiff's money on unnecessary items, leaving him often with insufficient money to meet their needs.

20. Plaintiff finally ended the relationship with Defendant in May 2017.

---

[2] Since the birth of the child, Plaintiff paid child support to Defendant even though Plaintiff was dubious that he was the father of her child. On March 9, 2020, after Defendant illegally accessed Plaintiff's Verizon Wireless account, Plaintiff reached his breaking point as a result of years of harassment by Defendant. Plaintiff stopped paying child support for the child he did not believe was his. The very next day, Defendant filed a complaint for child support against Plaintiff in York County, Pennsylvania. Through counsel, filed a response opposing Defendant's child support action on the ground that he is not the biological father of the child and filed a petition seeking an order to test the paternity of the child. Both petitions are pending.

21. At the time Plaintiff ended the relationship, he asked Defendant to take over payment of her own bills, including her mobile phone bill. Plaintiff believed she had done so.

22. Defendant did not accept the end of the relationship. She began a campaign of harassment of Plaintiff that included cyber stalking and unwelcomed communications with him, his family members, friends, and other acquaintances.

23. Plaintiff relocated from York, Pennsylvania to Philadelphia, Pennsylvania in December 2017. He hoped that the distance between the two of them would end her harassing behavior.

24. Defendant continued to harass Plaintiff.

25. On March 8, 2020, Plaintiff reviewed his finances to see where he could cut expenses and save money. He noticed his mobile phone bill was larger than he deemed reasonable.

26. Plaintiff called his mobile phone service provider, Verizon Wireless, and learned that Defendant had not taken over payment of her mobile phone bill, and that he had been unknowingly paying for her mobile phone service from May 2017 to March 2020.

27. That same day, Plaintiff contacted Verizon Wireless and had Defendant's mobile phone service cancelled on his account.

28. On March 9, 2020, without any authority from Plaintiff, Defendant used Plaintiff's email address and his guessed password, and without

Plaintiff's authorization or knowledge logged into his online Verizon Wireless account.

29. With this unauthorized access, Defendant then fraudulently impersonated Plaintiff on his Verizon Wireless account. She deleted Plaintiff's email address on the account, and replaced it with her own email address.

30. Defendant next contacted Verizon Wireless using Plaintiff's account information and her email address.

31. Verizon Wireless checked the email address listed for the account, saw that Defendant's email address was associated with the account, determined Defendant's access to the account was valid according to its policies and procedures, and provided Defendant a one-time personal identification number.

32. Using the one-time personal identification number to grant her authority to act in the account, Defendant then directed Verizon Wireless to reactivate her phone service, which Plaintiff had previously removed.

33. While logged into Plaintiff's Verizon Wireless account, Defendant was able to view Plaintiff's personal and confidential information including his social security number, bank account numbers, and Verizon email account.

34. On March 9, 2020, Verizon Wireless contacted Plaintiff and told him that his account had been accessed and that Defendant's mobile phone service was reactivated. Plaintiff cancelled Defendant's mobile phone service on his account for a second time.

35. Plaintiff contacted Verizon Wireless via online chat on March 10, 2020, to learn how Defendant could access his account and make changes to the account without any authority to do so. A true and correct copy of the chat conversation between Plaintiff and Verizon Wireless is attached hereto as Exhibit A.

36. As a result of Defendant's unauthorized access to Plaintiff's Verizon Wireless account, Defendant was able to view Plaintiff's personal and confidential information. Plaintiff was also forced to change his mobile phone carrier, close his bank account, and change banks.

37. Plaintiff lives in fear that Defendant will use his social security number and other personal and confidential information gained from her unauthorized access of Plaintiff's Verizon Wireless account for her own financial gain.

38. As a result of Defendant's history of harassing behavior toward Plaintiff, Plaintiff has suffered financial harm, emotional distress, and pain and suffering.

39. Defendant's threatening and harassing behavior caused Plaintiff to file for and be granted a Protection from Abuse Order against Defendant on March 10, 2020. (*Zachary Funt v. Angeliqua Kuo*, Philadelphia Court of Common Pleas, Family Court Division, Docket No. 2003V7119.)

40. By letter dated May 15, 2020, undersigned counsel requested Defendant contact her to discuss agreeing to leave Plaintiff alone forever, to not use

any of Plaintiff's personal and confidential information she learned through her illegal access of his Verizon Wireless account, and to never access any of Plaintiff's accounts again.

41. Defendant did not respond to counsel's letter.

42. As a result of Defendant's continued and intentional harassment of Plaintiff, he has suffered financial harm of in excess of $14,000 in lost wages and unauthorized mobile phone service charges, plus mental and emotional harm which has forced Plaintiff to seek ongoing mental health care he never needed before Defendant's harassment. Plaintiff seeks compensation for his lost wages and unauthorized mobile phone service charges. In addition, Plaintiff seeks compensation for the mental and emotional stress and harm Defendant's illegal conduct caused him and for the mental health copays he has incurred and that will continue. Plaintiff seeks compensation for the time, aggravation, and stress he incurred to change all of his banking and email information and monitor his banking and credit information after his personal and confidential details were compromised by Defendant. Plaintiff seeks compensation for the fear he endures wondering if Defendant has used his personal and confidential information for her own financial gain. Plaintiff also seeks compensation to punish Defendant for her intentional, willful, wanton, and illegal harassment of Plaintiff and her refusal to stop the harassment.

43. In addition, Plaintiff seeks injunctive relief to prevent Defendant from further illegally accessing his Verizon Wireless account and any other account controlled by Plaintiff.

**COUNT I[3]**

**VIOLATION OF STORED COMMUNICATIONS ACT ("SCA")**
**18 U.S.C.§ 2701**

44. Plaintiff reasserts and realleges the above allegations as if fully set forth herein.

45. On March 9, 2020, without authorization, Defendant *twice* intentionally accessed Plaintiff's Verizon Wireless account online.

46. The SCA provides, *inter alia*, that whoever intentionally accesses without authorization a facility through which an electronic communication service is provided and thereby obtains, alters, or prevents authorized access to an electronic communication while it is in electronic storage in such system commits a violation of the SCA. 18 U.S.C. § 2701(a).

47. Verizon Wireless's online account system qualifies as a facility under the SCA, and Verizon Wireless's online account system is an electronic communications service under the SCA.

48. Defendant's conduct as described above violated the SCA, in that she accessed without authorization Verizon Wireless's online account system

[3] Plaintiff intends to bring a claim under the Computer Fraud and Abuse Act. *See* 18 U.S.C. Sec. 1030. At the time of the filing of the Complaint in this action, his financial loss is close to but not yet in excess of $5,000 minimum damages required to bring a claim under that statute, not including his emotional harm and losses alleged in Count V, *infra*. Plaintiff's losses will soon exceed the $5,000 threshold required to bring a claim under the Computer Fraud and Abuse Act, and he will file an amended Complaint accordingly.

and thereby obtained unauthorized access, and altered Plaintiff's access, to Plaintiff's electronic information and communications while in electronic storage.

49. Section 2707 of the SCA, 18 U.S.C. § 2707, provides for a private right of action for anyone aggrieved by a violation of the SCA, and allows for preliminary and equitable relief, damages, and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff seeks judgment in his favor and asks this Court to award preliminary and permanent injunctive relief barring Defendant from accessing Plaintiff's Verizon Wireless account and from using any information she learned when she illegally accessed his Verizon Wireless account; compensatory damages for lost wages he suffered by having to miss work to deal with Defendant's illegal conduct under SCA; damages for the emotional distress, aggravation and hassle he has and will continue to endure as a result of Defendant's illegal conduct; punitive damages to punish Defendant for the willful and wanton conduct she perpetrated in violation of the SCA; reasonable attorney's fees and costs he incurred in this action; and such other relief as this Court deems just and proper.

## COUNT II

## VIOLATION OF STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS PROVISION OF PENNSYLVANIA'S WIRETAPPING ACT (the "Act") 18 Pa. C.S. § 5741

50. Plaintiff reasserts and realleges the above allegations as if fully set forth herein.

51. The Act is a Pennsylvania counterpart to the federal SCA, and prohibits similar conduct.

52. The Act provides, *inter alia*, that it is an offense to obtain or alter access to an electronic communication while it is in electronic storage by intentionally accessing without authorization a facility through which an electronic communication service is provided.

53. Verizon Wireless's online account system qualifies as a facility under the Act, and Verizon Wireless's online account system is an electronic communications service and electronic storage under the Act.

54. Defendant's conduct as described above violated the Act, in that she accessed without authorization Verizon Wireless's online account system and thereby obtained unauthorized access, and altered Plaintiff's access, to Plaintiff's electronic information and communications while in electronic storage.

55. Section 5747 of the Act, 18 Pa. C.S. § 5747, provides for a private right of action for anyone aggrieved by a violation of the Act, and allows for preliminary and equitable relief, damages, and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff seeks judgment in his favor and asks this Court to award preliminary and permanent injunctive relief barring Defendant from accessing Plaintiff's Verizon Wireless account and from using any information she learned when she illegally accessed his Verizon Wireless account; compensatory damages for lost wages he suffered by having to miss work to deal with Defendant's illegal conduct under the Act; damages for the emotional distress, aggravation and hassle he has and will continue to endure as a result of Defendant's illegal conduct; punitive damages to punish Defendant for the willful and wanton conduct she

perpetrated in violation of the Act; reasonable attorney's fees and costs he incurred in this action; and such other relief as this Court deems just and proper.

**COUNT III**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

56. Plaintiff reasserts and realleges the above allegations as if fully set forth herein.

57. Pennsylvania recognizes the claim of invasion of privacy by intrusion upon seclusion when the following elements of misconduct are met by Defendant's conduct:

a. intentional intrusion;
b. upon plaintiff's solitude or seclusion, or upon plaintiff's private affairs or concerns; and
c. the intrusion was substantial and highly offensive.

*See Reinhold v. County of York*, 2012 WL 4104793, at *18 (M.D.Pa.2012*); Rudder v. Pequea Valiev School Dist.* 790 F.Supp.2d 377, 404 (E.D.Pa.2011). *See also* Restatement (Second) of Torts § 652(B).

58. On March 9, 2020, without authorization, Defendant *twice* intentionally accessed Plaintiff's Verizon Wireless account online.

59. During this unauthorized access, Defendant intruded upon Plaintiff's private affairs and concerns by viewing Plaintiff's personal and confidential information including his social security number, bank account number, and Verizon email account.

60. Defendant's unauthorized access of Plaintiff's personal and confidential information revealed extremely sensitive, and substantial details of Plaintiff's life, the unauthorized access of which is highly offensive and leaves Plaintiff terrified that Plaintiff will publish those details or otherwise abuse them for her own benefit and financial gain.

61. Defendant's actions resulted in financial gain to her and financial losses and emotional harm to Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment in his favor and asks this Court to award compensatory damages for lost wages he suffered by having to miss work to deal with Defendant's illegal conduct; damages for the emotional distress, aggravation and hassle he has and will continue to endure as a result of Defendant's illegal conduct; punitive damages to punish Defendant for the willful and wanton conduct she perpetrated; reasonable attorney's fees and costs he incurred in this action; and such other relief as this Court deems just and proper

**COUNT IV**

**INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS**

62. Plaintiff reasserts and realleges the above allegations as if fully set forth herein.

63. Pennsylvania recognizes the claim of intentional infliction of emotional distress when Defendant's conduct:

a. is extreme and outrageous;

b. and intentionally or recklessly causes;

c. severe emotional distress to another person.

*See Carson v. City of Philadelphia*, 574 A.2d 1184, 1187 (Pa. 1990). *See also* Restatement (Second) of Torts § 46.

64. Defendant's conduct, as described above, was extreme and outrageous, and intentionally or recklessly caused Plaintiff severe emotional distress.

65. Defendant's unauthorized access of Plaintiff's personal and confidential information revealed extremely sensitive, and substantial details of Plaintiff's life, the unauthorized access of which is highly offensive and leaves Plaintiff terrified that Plaintiff will publish those details or otherwise abuse them for her own benefit and financial gain.

66. As a result of Defendant's illegal, offensive, intentional, deceptive, and offensive conduct, Plaintiff has suffered severe emotional distress.

67. Plaintiff has sought mental health care and incurred costs therewith, and lost over eighty (80) hours of work and corresponding wages as a result of the emotional distress Defendant's conduct has caused him.

68. Plaintiff has also incurred the emotional distress and stress of enrolling in credit monitoring services, monitoring his own credit and financial accounts to protect against misuse by Defendant, changing banks and email providers, missing over eighty (80) hours of work and corresponding wages, and living with the fear that Defendant may, at any time, use Plaintiff's personal and confidential information for her own benefit and financial gain.

69. Defendant's illegal and harassing conduct, including the unauthorized access of Plaintiff's Verizon Wireless account, was so harmful that Plaintiff was forced to seek and be granted a Protection from Abuse Order against Defendant.

**WHEREFORE**, Plaintiff seeks judgment in his favor and asks this Court to award compensatory damages for lost wages he suffered by having to miss work to deal with Defendant's illegal conduct under the Act; damages for the emotional distress, aggravation and hassle he has and will continue to endure as a result of Defendant's illegal conduct; punitive damages to punish Defendant for the willful and wanton conduct she perpetrated; reasonable attorney's fees and costs he incurred in this action; and such other relief as this Court deems just and proper.

**COUNT V**

**CONVERSION**

70. Plaintiff reasserts and realleges the above allegations as if fully set forth herein.

71. Pennsylvania recognizes the claim of conversion when Defendant's conduct:

a. deprives another of his or her right of property in, or use or possession of;
b. a chattel;
c. without the owner's consent; and
d. without lawful justification.

*See Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. Ct. 2003). *See also* Restatement (Second) of Torts § 222(A). Pennsylvania expressly recognizes that "[m]oney may be the subject of conversion." *Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987).

72. While in a relationship with Defendant, Plaintiff paid for her monthly mobile phone service.

73. Plaintiff ended the relationship in May 2017 and at that time, asked Defendant to take over payment of her mobile phone service bill.

74. Defendant did not do so and on March 8, 2020, Plaintiff learned he had been unknowingly paying for her mobile phone bill from May 2017 to March 2020.

75. As a result of Defendant's failure to take over payment of her mobile phone bill, Defendant unknowingly incurred monthly charges and service upgrade fees for Plaintiff's mobile phone service for nearly three years.

76. Plaintiff did not have any agreement with Defendant to pay for Defendant's mobile phone service for any time after May 2017.

77. Defendant had no lawful justification for using Plaintiff's money, without his consent, to pay for her mobile phone service.

78. Defendant's unauthorized use of Plaintiff's money to pay for her mobile phone service and upgrades from May 2017 to March 8, 2020, when Plaintiff finally cancelled Defendant's phone service on his Verizon Wireless account caused

him to incur and pay approximately $10,000 for Defendant's mobile phone service without his authorization.

79. Defendant's actions resulted in financial gain to her and financial losses, including lost wages, to Plaintiff of approximately $14,000 for nearly three years.

**WHEREFORE**, Plaintiff seeks judgment in his favor and asks this Court to award compensatory damages for lost wages he suffered by having to miss work to deal with Defendant's illegal conduct under the Act; damages for the emotional distress, aggravation and hassle he has and will continue to endure as a result of Defendant's illegal conduct; punitive damages to punish Defendant for the willful and wanton conduct she perpetrated; reasonable attorney's fees and costs he incurred in this action; and such other relief as this Court deems just and proper.

Respectfully submitted,

STEVE HARVEY LAW LLC

Dated: June 29, 2020

By: ______________________________
Stephen G. Harvey (PA 58233)
Barbara B. Hill (PA 206064)
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
barbara@steveharveylaw.com

*Attorneys for Plaintiff Zachary Funt*