# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT,<br>　　　　　　　Plaintiff,<br>vs.<br>ANGELIQUA KUO,<br>　　　　　　　Defendant. | CIVIL ACTION NO.: 2:20-CV-03188 |

**DEFENDANT ANGELIQUA KUO'S MOTION TO VACATE DEFAULT AND EXTEND TIME TO ANSWER**

COMES NOW the Defendant, Angeliqua Kuo (hereinafter, the "Defendant"), by and through her undersigned counsel, and pursuant to Rules 60(b)(1), 6(b)(1)(B) and 15(a)(3) of the Federal Rules of Civil Procedure, and move this Court for an order to extend time to file an answer or otherwise plead in the above-titled action. In support hereof, the Defendant would show the following:

1.　　On June 29, 2020, the Plaintiff filed his Complaint in this Court. [Dkt. #1].

2.　　On July 3, 2020, the Plaintiff served the Complaint on the Defendant. [Dkt. #3].

3.　　This Court set the deadline for the filing of an answer to be July 24, 2020. [Dkt. #3].

4.　　Courts may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

5.　　In addition, Rule 60(b)(1) provides for a defendant to obtain relief from a default judgment for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).

6. Excusable neglect is an equitable doctrine, without a precise definition in the Federal Rules. <u>Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership</u>, 507 U.S. 380, 395 (1992).

7. However, in <u>Pioneer</u>, the U.S. Supreme Court laid out a four-factor balancing test for what constitutes excusable neglect under either Rule 6 or Rule 60, as follows: (1) whether the delay in filing was within the reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. <u>Id.</u>

8. Here, the Defendant retained the undersigned counsel's law firm on July 24, 2020, the final day that the Defendant could file an answer.

9. The Defendant's counsel's office contacted the Plaintiff's counsel to request additional time to respond on July 27, 2020.

10. On July 27, 2020, the Plaintiff's counsel, Barbara Hill stated to an employee of the Defendant's counsel's firm that she refused to even discuss an extension.

11. On July 28, 2020, the undersigned, counsel's paralegal, contacted the Plaintiff's counsel, Barbara Hill, who stated that she would have to speak to her supervisor and get back with undersigned counsel's paralegal.

12. To date, Barbara Hill has not responded to the undersigned counsel's law firm or paralegal.

13. Instead, on August 12, 2020, the Plaintiff requested a default [Dkt. #5].

14. This Court thereafter entered a default on August 12, 2020.

15. The Defendant argues that there has been excusable neglect on the part of the Defendant's counsel that warrants consideration of vacating the default and extending the time to answer the Plaintiff's Complaint.

16. Specifically, the Defendant's counsel mistakenly believed that the Plaintiff's counsel, Barbara Hill would respond to the request for additional time before filing any request default.

17. The Defendant's counsel is aware that Plaintiff's counsel, Barbara Hill was under no legal duty to respond but in good faith the Defendant's counsel took her at her word to defendant's counsels paralegalthat she would do so.

18. The Defendant therefore submits that this is excusable neglect.

19. To date, the delay has been less than one month since the filing deadline.

20. There is no prejudice to the Plaintiff in allowing the Defendant to file an answer in this action.

21. One of the underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. Newgen, LLC. v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). It is an oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities. Rodriguez v. Village Green Realty, LLC, 788 F.3d 31, 47 (2d. Cir. 2015) (citing Cargill, Inc. v. Sears Petroleum & Transp. Corp., 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits).

22.     Weighing the equities on a motion to vacate a default judgment and the need to finally resolve controversies "does not lend itself to a rigid formula or per se rule." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984).

23.     Rather, in exercising its discretion, a court should consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. Id.; Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir.1982). "These factors inform both the district court's initial determination regarding a default judgment as well as appellate review of that decision." Hritz, 732 F.2d at 1181.

24.     Here, there is no prejudice to the Plaintiff, and the Defendant has a meritorious defense, as she claims to have proof that the Plaintiff was aware of the parties' agreement regarding the cell phones and auto insurance at issue in this cause.

25.     Further, the Defendant's counsel's good faith reliance upon the Plaintiff's counsel's statement that she would contact the Defendant's counsel's paralegal after speaking with her supervisor was excusable neglect.

26.     As a general matter, the Third Circuit "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419–20 (3d Cir. 1987) (*citing* Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982)).

WHEREFORE, the Defendant respectfully requests the Court for an Order extending the

time to file an answer or otherwise plead.

                                                **LENTO LAW GROUP, P.C.**

                                      By: _____

Dated: October 23, 2020            D. SCOTT WIGGINS, ESQUIRE
                                              Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT,<br>          Plaintiff,<br>vs.<br>ANGELIQUA KUO,<br>          Defendant. | CIVIL ACTION NO.: 2:20-CV-03188 |

**CERTIFICATION OF JOHN GROFF, IN SUPPORT OF DEFENDANT ANGELIQUA KUO'S MOTION TO VACATE DEFAULT AND EXTEND TIME TO ANSWER**

I, John Groff, of full age, do state the following:

1. I am a paralegal at the Lento Law Group, P.C., and have been entrusted with the representation of the Defendant, Angeliqua Kuo, in the within captioned matter, and am fully familiar with all facts contained herein.

2. On June 29, 2020, the Plaintiff filed his Complaint in this Court.

3. On July 3, 2020, the Plaintiff served the Complaint on the Defendant.

4. Lento Law Group, P.C.I was retained by the Defendant on July 24, 2020, the final day that the Defendant could file an answer.

5. I contacted the Plaintiff's counsel at the direction of our managing partner, to request additional time to respond on July 27, 2020.

6. On July 27, 2020, the Plaintiff's counsel, Barbara Hill, stated to me that she refused to even discuss an extension.

7. On July 28, 2020, I contacted the Plaintiff's counsel, Barbara Hill, who stated that she would have to speak to her supervisor and get back with her.

8. To date, Barbara Hill has not responded to me.

9. Instead, on August 12, 2020, the Plaintiff requested a default [Dkt. #5].

10. This Court thereafter entered a default on August 12, 2020.

11. Specifically, I mistakenly believed that the Plaintiff's counsel, Barbara Hill would respond to our request for additional time before filing any request default.

12. We are aware that Plaintiff's counsel, Barbara Hill was under no legal duty to respond, but took her at her word that she would do so.

13. To date, the delay has been less than a month since the filing deadline.

14. There is no prejudice to the Plaintiff in allowing the Defendant to file an answer in this action.

27. We believe that the Defendant has a meritorious defense.

WHEREFORE, the Defendant respectfully requests the Court for an Order extending the time to file an answer or otherwise plead.

LENTO LAW GROUP, P.C.

By: _____
John Groff, Office Manager

Dated: October 23, 2020

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT,<br>            Plaintiff,<br><br>vs.<br><br>ANGELIQUA KUO,<br>            Defendant. | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>CIVIL ACTION NO.: |

### CERTIFICATION OF SERVICE

I hereby certify that on October 30, 2020, a true and correct copy of Defendant's Motion to Vacate Default and Extend Time to Answer was served via first-class mail and E-Courts filing to all counsel of record upon:

> Stephen G. Harvey, Esquire
> Barbara B. Hill, Esquire
> STEVE HARVEY LAW LLC
> 1880 John F. Kennedy Blvd.
> Suite 1715
> Philadelphia, PA 19103

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to discipline.

                                                                            Denise Stone, Paralegal to
                                                                            Scott Wiggins, Esquire
Dated: October 30, 2020                         Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT,<br>    Plaintiff,<br><br>vs.<br><br>ANGELIQUA KUO,<br>    Defendant. | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>CIVIL ACTION NO.: 2:20-cv-03188 |

### ORDER TO VACATE DEFAULT and EXTEND TIME TO ANSWER

**THIS MATER**, having come before the Court on the application of Defendant, Angeliqua Kuo, by her attorney, D. Scott Wiggins, Esquire, for an Order to Vacate Default and Extend Time to Answer, and the Court having considered the moving papers, any opposition thereto, and for good cause shown;

**IT IS** on this _____ day of November, 2020

**ORDERED** that Default Judgment be, and the same hereby is VACATED, and

**IT IS FURTHER ORDER** that defendant, Angeliqua Kuo, be, and the same hereby is permitted to file and Answer out of time.

                     _____
                            J.S.C.

Dated: October 23, 2020