**STEVE HARVEY LAW LLC**
By:   Stephen G. Harvey
        Barbara B. Hill
PA ID Nos. 58233 and 206064
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
Steve@steveharveylaw.com
Barbara@steveharveylaw.com

*Attorneys for Plaintiff*
*Zachary Funt*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY FUNT,**<br><br>           **Plaintiff,**<br><br>     v.<br><br>**ANGELIQUA KUO,**<br><br>           **Defendant.** | : : : : : : : : : : : : : | **Civil Action No. 2:20-cv-03188** |

**PLAINTIFF ZACHARY FUNTS'S RESPONSE TO DEFENDANT ANGELIQUA KUO'S MOTION TO VACATE DEFAULT AND EXTEND TIME TO ANSWER**

Plaintiff Zachary Funt ("Plaintiff"), by and through his undersigned counsel, submits this response to Defendant Angeliqua Kuo's ("Defendant") motion to vacate default and extend time to answer (the "Motion"). Plaintiff Zachary Funt relies upon the record in this action and states the following:

1.   Admitted.

2.   Admitted.

3. Admitted that the deadline for filing an answer was July 24, 2020. However, this response date was based on F. R. Civ. P. Rule 12(a)(1)(A)(1), not on any order or direction of the "Court."

4. Admitted that the cited rule contains the quoted language.

5. Admitted that the cited rule contains the quoted language.

6. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

7. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

8. Admitted that July 24, 2020 was the final day Defendant could file an answer. Plaintiff has no knowledge or information as to what date Defendant retained her counsel's law firm, but accepts this allegation for purposes of responding to Defendant's Motion.

9. Denied. Plaintiff is unsure of the exact date of the communication referenced in this paragraph. By way of further answer, the initial communication Plaintiff's counsel received from anyone at Defendant's counsel's law firm was a voicemail message from a person named John who asked Plaintiff's counsel, Barbara Hill, to return his call.

10. Denied. By way of further answer, Miss Hill had on that date a conversation with a person from Defendant's counsel's firm named "John" who identified himself as an office manager. John requested an extension of undetermined time to respond to the Complaint filed in this case. Miss Hill explained that she needed to communicate this request to her supervisor, which she did. It is specifically denied that Miss Hill "refused to even discuss an extension."

11. Denied. Plaintiff is unsure of the exact date of the communication referenced in this paragraph. By way of further answer, the next communication Miss Hill had with anyone at Defendant's counsel's law firm was when she called "John" and explained that, per firm practice, she was unable to discuss with a non-attorney a request for an extension and asked that an attorney communicate that request to her. John then stated that he had been managing offices for 29 years and this was "the most asinine response he had ever heard." He then threatened that "we will be sure to tell the judge when they write a letter to him" and "we will be sure to return the favor."

12. Admitted that Miss Hill has not initiated any communication with Defendant's counsel's law firm except as set forth above.

13. Denied as stated, specifically as to any implication from the word "instead." By way of further response, on August 12, 2020, Plaintiff requested a default.

14. Admitted.

15. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

16. Plaintiff has no knowledge or information as to what Defendant's counsel believed, and on that basis denies this allegation.

17. Plaintiff lacks sufficient knowledge or information to respond to this allegation, and on that basis denies it.

18. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

19. Denied. To date, the delay from the filing deadline has been more than three months, since July 24, 2020.

20. Denied. Plaintiff would be prejudiced in multiple ways if the Motion is granted. For over three years Defendant has stalked him, harassed him, cost him money, and intruded into the most personal parts of his life. Vacating the default and permitting Defendant time to answer the Complaint and prolong this litigation with no meritorious defense asserted would reward her misconduct and harass Plaintiff further. It would cause Plaintiff additional mental harm as well as financial harm by way of payment of additional attorneys' fees.

21. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

22. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

23. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

24. Denied. Plaintiff would be prejudiced by the granting of the Motion. See response to paragraph 20. It is further specifically denied that there is any "agreement regarding the cell phones and auto insurance at issue in this cause"; that "auto insurance" is at issue in this case at all; and that any such "agreement" would be conceivably relevant to Plaintiff's claims. Plaintiff lacks sufficient knowledge or information to admit or deny to what Defendant "claims," and on that basis denies this allegation.

25. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

26. Denied as a conclusion of law to which no response is required. If a response is required, see the accompanying brief in opposition to Defendant's Motion.

4

WHEREFORE, Plaintiff requests that the Court deny Defendant's Motion to Vacate Default and Extend Time to Answer.

                                           Respectfully submitted,

                                           STEVE HARVEY LAW LLC

DATE: November 13, 2020                By: /s/ Stephen G. Harvey

                                           Stephen G. Harvey (PA 58233)
                                           Barbara B. Hill (PA 206064)
                                           1880 John F. Kennedy Blvd.
                                           Suite 1715
                                           Philadelphia, PA 19103
                                           (215) 438-6600
                                           steve@steveharveylaw.com
                                           barbara@steveharveylaw.com

                                           *Attorneys for Plaintiff Zachary Funt*