**STEVE HARVEY LAW LLC**
By:   Stephen G. Harvey
        Barbara B. Hill
PA ID Nos. 58233 and 206064
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
Steve@steveharveylaw.com
Barbara@steveharveylaw.com

*Attorneys for Plaintiff*
*Zachary Funt*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY FUNT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 2:20-cv-03188** |
| | : | |
| **ANGELIQUA KUO,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PLAINTIFF ZACHARY FUNTS'S BRIEF IN SUPPORT OF HIS OPPOSITION TO DEFENDANT ANGELIQUA KUO'S MOTION TO VACATE DEFAULT AND EXTEND TIME TO ANSWER

Plaintiff Zachary Funt ("Plaintiff"), by and through his undersigned counsel,

offers this brief in support of his opposition to Defendant Angeliqua Kuo's ("Defendant")

motion to vacate default and extend time to answer. Plaintiff Zachary Funt relies upon the record

in this action and states the following:

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint in this action against Defendant on June 29, 2020, after

years of her repeated, intentional, reckless, and harmful conduct, including her unauthorized

access of Plaintiff's Verizon Wireless account to commit fraud and theft that has resulted in both financial and emotional harm to Plaintiff. *See* ECF No. 1. Defendant and Plaintiff years ago had a brief romantic relationship. Compl. ¶ 2. Defendant's harassment of Plaintiff has continued for over three years since Plaintiff ended their relationship. *Id.* Defendant has refused to stop harassing Plaintiff despite his many requests to her to leave him alone. *Id.*

Defendant's misconduct reached its pinnacle in March 2020 when she intentionally hacked into Plaintiff's Verizon Wireless account, made unauthorized and fraudulent changes to his account, and accessed his personal and financial information through the account. *Id.* at ¶ 3. These unauthorized actions by Defendant were aimed at continuing her long pattern of harassing Plaintiff and were designed to force Plaintiff to continue paying for her mobile phone service without his knowledge or consent. *Id.*

As a result of this unauthorized and illegal access of his Verizon Wireless account, Plaintiff has suffered financial, as well as emotional, harm. *Id.* at ¶ 4. He was forced to change all of his banking information, enroll in credit and fraud monitoring protection, change all of his email accounts, seek mental health counseling, and miss days of work which resulted in lost income to him. *Id.*

Defendant's conduct violated federal statutes designed to protect private electronic information, as well as Pennsylvania law. *Id.* at ¶ 5. Plaintiff therefore brought this action against Defendant seeking injunctive relief, compensatory damages, and other relief.

Defendant was personally served with a copy of the complaint on July 3, 2020. *See* ECF No. 2. Defendant's response to the complaint was due on July 24, 2020, and yet did not even retain counsel until that day.  Def. Motion ¶¶ 3, 8. Defendant thereafter failed to appear, plead, or otherwise defend on the required response date. Defendant further failed to request an

extension from the Court to answer or otherwise respond to the Complaint, either before or after the response deadline. On August 12, 2020, Plaintiff requested that the Clerk of Court enter a default against Defendant. *See* ECF No. 5. Default judgment was entered for Plaintiff and against Defendant that same day. *See* ECF No. 5-2.

On October 30, 2020, more than three months after the due date for Defendant's responsive pleading and more than two months after she was served with the Request for Default and default was entered, Defendant, through counsel, filed the instant Motion to Vacate Default and Extend Time to Answer. Defendant's counsel D. Scott Wiggins also filed his appearance on this same day. The motion is not accompanied by a supporting brief, as required by Local Rule 7.1(c). Instead, the motion merely consists of numbered paragraphs and is accompanied by a certification by Defendant's counsel's paralegal/office manager attesting to his placing of two calls to Plaintiff's counsel Barbara Hill on July 27 and 28, 2020 (i.e., *after* the responsive pleading deadline had passed) seeking an extension to respond to the Complaint.

The Motion should be denied for the reasons set forth below.

## ARGUMENT

**A. Defendant Failed to File a Brief as Required Rule 7.1(c) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania in Support of Her Motion to Vacate Default and Extend Time to Answer, and the Motion Should Be Denied on that Basis Alone.**

Rule 7.1(c) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania requires motions to be accompanied by a brief. If a motion lacks a supporting brief, the Court may dismiss it for failure to comply with the local rules. *See SEC v. Going Platinum, Inc.*, 2004 WL 2203716 (E.D.Pa. 2004); *United States Fidelity & Guaranty Company v. McAuliffe*, 1996 WL 18837 at 1 *1 (E.D. Pa. Jan. 18, 1996); *United States v. Mentzer*, 2012 WL 1020232 at *6 (E.D. Pa. March 27, 2012) ("Any motion that

3

comes before the court without a brief or memorandum of law in support of the motion may

be dismissed out of hand for failure to comply with the local rules."). In keeping with her

pattern of failing to timely and properly comply with applicable rules, Defendant failed to

file a brief in support of her Motion to Vacate Default and Extend Time to Reply. She has not

provided any explanation for the failure, and, given the extensive time period since default

was entered, there can be no valid explanation because the Rule is very clear, and there was

ample opportunity to draft and file a brief. Her motion should therefore be denied without

further consideration. *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2016 WL 7115892 at *1

(D.N.J. March 14, 2016) (denying motion to vacate default where, *inter alia*, "Defendant has

failed to file a brief in support of its request to vacate entry of default"); *Merk Constr., Inc. v.*

*Jemco, Inc*., 2009 WL 10687695 at *1 n.1(E.D. Pa. Dec. 9, 2009) (denying motion for failure

to file supporting brief as required by Local Rule 7.1(c)).

## B.  Defendant Failed to Demonstrate Good Case under Rule 60(b) of the Federal Rules of Civil Procedure for Her Delay in Filing a Responsive Pleading

### 1.  Introduction

Rule 60(b) permits a Court to set aside an entry of default for good cause shown.

When analyzing good cause, the Court considers three factors: (1) whether the defendant has a

meritorious defense; (2) whether the plaintiff will be prejudiced by vacating the default

judgment; and (3) whether the default was a result of the defendant's own conduct. *See NWL,*

*Inc. v. Brokerage Concepts, Inc. et al*., 2017 WL 5515955 (E.D.Pa. 2017) (citing *United States v.*

*$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d. Cir. 1984)).

However, the existence of a meritorious defense is a threshold question and if no

meritorious defense is offered, the remaining factors need not be considered. *See Scully v.*

*OneBeacon Insurance Company*, 2004 WL 414041, at *2 (E.D.Pa. 2004) (citing *Kauffman v. Cal*

4

*Spas*, 37 F.Supp.2d 402, 405 at n.1 (E.D. Pa. 1999)); *see also Worldwide Associates, Inc. v. Golden Mark Maintenance, Ltd*., 2000 WL 795894 (E.D.Pa 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 195) ("Because the existence of a meritorious defense is a threshold issue that must be present in order for the court to vacate a default judgment," failure to present such a  defense renders unnecessary "examination of the remaining factors used to analyze a motion under Fed.R.Civ.P. 60(b)….)."

### 2. Defendant Failed to Demonstrate a Meritorious Defense in Support of Her Motion

A defendant establishes a meritorious defense when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951)). A meritorious defense requires the defendant to assert specific facts that support her denial of the allegation of the complaint. *See Kauffman v. Cal Spas*, 37 F. Supp. 2d at 405. An alleged defense put forth by conclusory language is insufficient to form a meritorious defense. *See United States v. $1,322,242.58*, 938 F.2d 433, 439 (3d Cir. 1991). *See also Mentzer*, 2012 WL 1020232 at *3 ("demonstrating the existence of a meritorious defense requires a defendant to set forth with some specificity the grounds for its defense"); *Okechuku v. Reckling*, 2007 WL 1231725 at *8 (Bankr. D.N.J. Jan. 17, 2007) ("conclusory allegation, without any supporting evidence, falls short of the Defendant's burden to show a meritorious defense"), *aff'd*, 2007 WL 2473831 (D.N.J. Aug. 27, 2007).

Defendant fails to put forth any specific facts in support of her alleged defense, instead setting forth a mere conclusory statement with no explanation, much less evidence. She asserts that the "Defendant has a meritorious defense, as she *claims* to have proof that the Plaintiff was aware of the parties' agreement regarding the cell phones and auto insurance in this

case." Def. Motion ¶ 24 (emphasis added). Initially, the statement that Defendant "claims" to have some type of proof makes clear that she has not provided any claimed "proof" to counsel; indeed, it appears that her counsel does not even know what such evidence is. Defendant has had since July 24, at the latest, to provide any claimed "proof" to her counsel to establish a meritorious defense. That she has not done so, and that she has not presented any such "proof" to the Court many months later, is fatal to her motion.

Equally fatal to Defendant's conclusory claim of a meritorious defense is that even if Defendant does have proof of some type of "agreement regarding" cell phones and insurance, such unspecified "proof" would not establish any defense to this case. Plaintiff brought claims for violations of the Stored Communications Act, Stored Wire and Electronic Communications and Transactional Records Access Provision of Pennsylvania's Wiretapping Act, invasion of privacy by intrusion upon seclusion, intentional infliction of emotional distress, and conversion; Plaintiff did bring any breach of contract claim or any claim about auto insurance. Compl. ¶¶ 48, 54, 59, 66, 78. The conduct complained of consisted of ongoing harassment, culminating in Defendant's hacking into Plaintiff's Verizon Wireless account to continue to obtain free phone service. On these alleged facts, any purported "agreement" (including as to "auto insurance") is not conceivably relevant to this case of the face of the Complaint. To the extent that any purported "agreement" has any relevance at all to this case, much less establishes a meritorious defense, Defendant does not bother explaining to the Court how this is so. Having utterly failed to establish a meritorious defense to the Complaint, despite ample opportunity to do so, the Court should deny Defendant's motion on this basis alone and need not consider Plaintiff's other arguments.

Because Defendant's Motion fails to establish a meritorious defense, his Motion should be denied without further consideration. *NWL, Inc. v. Brokerage Concepts, Inc.*, 2017 WL 5515955 at *1 n.1 (E.D. Pa. Feb. 15, 2017) (defendant's "conclusory statements are insufficient to constitute a meritorious defense to Plaintiff's claims. Kirk has failed to establish a meritorious defense; therefore, this Court will not consider whether Plaintiff will be prejudiced by granting this Motion, or whether Kirk's culpable conduct led to the entry of default."); *Mentzer*, 2012 WL 1020232 at *5 (denying motion to vacate default where defendant failed to "'allege facts, which, if established, would enable it to prevail in the action' as required to establish a meritorious defense and succeed in vacating default.'") (quoting *Scully*, 2004 WL 414041 at *2); *Parisi v. Salem*, 2006 WL 4457348 at *2 (Bankr. D.N.J. May 31, 2006) ("aside from a short conclusory statement that he has a meritorious defense to the … complaint, the Defendant has utterly failed ton detail the nature of his defense to the Court…."); *Allegheny Int'l Corp. v. Virginia Chain Distrib.*, 97 F.R.D. 17, 19 (W.D. Pa. 1982) (denying motion to vacate default where "the defendant never specifically or adequately develops [a] defense to a point that satisfies the requirement of assertion of a meritorious defense").

### 3. Plaintiff Will Be Unfairly and Seriously Prejudiced If Defendant's Motion is Granted

Defendant claims, again without explanation, that "there is no prejudice to the Plaintiff" if the motion is granted. Def. Motion ¶ 24. She has presented no evidence other than a conclusory statement that Plaintiff will not be prejudiced.  And it is untrue. For over three years Defendant has stalked him, harassed him, cost him money, and intruded into the most personal parts of his life.  Vacating the default and permitting Defendant time to answer the Complaint and prolong this litigation with no meritorious defense asserted would reward her misconduct and harass Plaintiff further. It would cause Plaintiff additional mental harm as well as financial

harm by way of payment of additional attorneys' fees. Defendant's conduct is unfair and it must stop. Plaintiff will be seriously and unfairly prejudiced if Defendant is able to continue her pattern of harassment of him through needlessly prolonging a lawsuit that she has not defended and to which she has no defense. Defendant's motion should be denied.

### 4. Defendant's Own Conduct Resulted in the Default Judgment

"Culpable conduct for this purpose is dilatory behavior that is willful or in bad faith." *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 148 (E.D.Pa. 2001). More than mere negligence must be shown. *See Hritz v. Woma Corporation*, 732 F.2d 1178, 1183 (3d Cir. 1984).

Both Defendant and her counsel have demonstrated a complete lack of due diligence in defending this action. Defendant was properly served on July 3, 2020, but took three weeks to retain an attorney and finally did so on the date a responsive pleading was due (July 24, 2020). Def. Motion ¶¶ 3, 8. Defendant has failed at all times to provide any explanation for her inaction. Rather than file an Answer or move this Court for an extension of time to respond, Defendant's counsel's office manager/paralegal,[1] rather than an attorney, three days after the due date for a responsive pleading, contacted Plaintiff's counsel to seek an extension. *Id*. ¶ 8-9. When no affirmative answer came, that same office manager/paralegal, again contacted Plaintiff's counsel to seek an extension. *Id*. ¶ 11. When, again, no affirmative answer came, Defendant's counsel inexcusably did *nothing*. No follow-up to Plaintiff's counsel was forthcoming. No motion was filed with the Court, with or without Plaintiff's agreement, and Defendant's counsel

---

[1]     The office manager/paralegal claims, alarmingly, that he has "been entrusted with the representation of the Defendant, Angeliqua Quo, in the within captioned manner, and am fully familiar with all of the facts contained herein." *Id*. at Certification ¶ 1.

thereafter ceased all contact with Plaintiff's counsel. Instead, Defendant rested on her hands until a Request for Default was filed. ECF 5.

When that Request for Default was filed, properly served and entered on the same day, Defendant, once again, took no action. She waited until just recently, October 30, 2020, to file her procedurally improper and legally flawed motion to vacate the default. Defendant has failed at all times to provide any explanation for her inaction. Defendant's counsel incorrectly claims that "the delay has been less than one month since the filing deadline" but the truth is that counsel waited more than *three* months after the due date for Defendant to appear, plead, or otherwise defend, and more than two months since default was entered, to file the instant Motion. Motion ¶ 19; ECF No. 7.

Defendant has received all pleadings and had numerous opportunities to respond to both the Complaint and request for default but still failed to respond in *any* way until the instant motion. She was the reason the Complaint was filed and default was entered and she must live with the consequences of her willful (in)actions.  Defendant, failing to set forth any conceivable meritorious defense to Plaintiff's claims, now wants the Court to overlook her willful misconduct toward Plaintiff and toward the Court and be given an opportunity to answer the Complaint three months after a responsive pleading was due. Her Motion to Vacate Default and Extend Time to Answer should be denied entirely for the reasons set forth above.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Vacate Default and Extend Time to Answer should be denied.

Respectfully submitted,

STEVE HARVEY LAW LLC

By: /s/ Stephen G. Harvey

       Stephen G. Harvey (PA 58233)
       Barbara B. Hill (PA 206064)
       1880 John F. Kennedy Blvd.
       Suite 1715
       Philadelphia, PA 19103
       (215) 438-6600
       steve@steveharveylaw.com
       barbara@steveharveylaw.com

       *Attorneys for Plaintiff Zachary Funt*

Dated: November 13, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2020, I electronically filed the foregoing

*Opposition to Defendant Angeliqua Kuo's Motion to Vacate Default and Extend Time to Answer*

and supporting papers with the United States District Court for the Eastern District of

Pennsylvania using the CM/ECF system. I certify that the following has been served by U.S.

Mail and ECF:

D. Scott Wiggins
Lento Law Group, P.C.
1500 Market Street
12th Floor – East Tower
Philadelphia, PA 19102


/s/ Barbara B. Hill
Barbara B. Hill