# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT,<br>           Plaintiff,<br>vs.<br>ANGELIQUA KUO,<br>           Defendant. | CIVIL ACTION NO.: 2:20-CV-03188 |

**DEFENDANT ANGELIQUA KUO'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL**

COMES NOW the Defendant, ANGELIQUA KUO (hereinafter, the "Defendant"), by and through her undersigned counsel, and hereby Answers Plaintiff's Complaint and Pleads as follows:

**SUMMARY OF THE CASE**

1. Answering Paragraph 1, Defendant denies all of the allegations contained in said Paragraph and particularly denies the allegation that Defendant had any intent to commit fraud or theft in accessing Plaintiff's Verizon Wireless account in March 2020.

2. Answering Paragraph 2, Defendant admits that Defendant and Plaintiff had a romantic relationship that began in 2014. Defendant denies the remaining allegations in said Paragraph.

3. Answering Paragraph 3, Defendant denies all of the allegations contained in said Paragraph and particularly denies the Defendant lacked authorization to access Plaintiff's Verizon Wireless account in March 2020 owning to Defendant's reasonable assumption that Defendant had the status as an authorized account manager on said account.

4. Answering Paragraph 4, Defendant denies that Defendant lacked authorization to access Plaintiff's Verizon Wireless account in March 2020 owning to Defendant's reasonable assumption that Defendant had the status as an authorized account manager on the account. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis, they are denied.

5. Answering Paragraph 5, Defendant denies all allegations contained in said Paragraph.

## THE PARTIES

6. Answering Paragraph 6, Defendant admits that Plaintiff resides in Philadelphia, PA.

7. Answering Paragraph 7, Defendant admits that Defendant resides at 304 B Friendship Avenue in Hellam, Pennsylvania 17406.

## JURSIDICTION AND VENUE

8. Answering Paragraph 8, Defendant admits that jurisdiction is proper based upon the allegations in Count I of the Complaint. Defendant denies that Defendant violated 28 U.S.C §2701, as alleged in Count I.

9. Answering Paragraph 9, Defendant admits that venue is proper.

## FACTUAL ALLEGATIONS

10. Answering Paragraph 10, Defendant admits the allegations in said Paragraph.

11. Answering Paragraph 11, Defendant denies the allegations contained in said Paragraph.

12. Answering Paragraph 12, Defendant admits that Defendant became pregnant with Plaintiff's child and told Plaintiff of that fact on or about August 2014.

13. Answering Paragraph 13, Defendant admits the allegations in said Paragraph.

14. Answering Paragraph 14, Defendant admits that Defendant and Plaintiff shared in paying the couple's living expenses and that by agreement, Plaintiff paid the Verizon Wireless bills. Defendant lacks sufficient knowledge or information to form a belief as to whether the Verizon Wireless bills were paid by auto-debit from Plaintiff's bank account.

15. Answering Paragraph 15, Defendant denies Defendant lied to Plaintiff about Defendant's background and character. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis, they are denied.

16. Answering Paragraph 16, Defendant denies all allegations contained in said Paragraph.

17. Answering Paragraph 17 Defendant denies all allegations contained in said Paragraph.

18. Answering Paragraph 18, Defendant admits that Defendant's and Plaintiff's child was born in March 2015. Defendant denies that Plaintiff is a "putative father" of Defendant's child, as paternity of Plaintiff as natural father of said child has been conclusively established.

19. Answering Paragraph 19, Defendant denies all allegations contained in said Paragraph.

20. Answering Paragraph 20, Defendant denies all allegations contained in said Paragraph and further avers that Defendant was the one who ended the relationship in May 2017.

21. Answering Paragraph 21, Defendant denies all allegations contained in said Paragraph.

22. Answering Paragraph 22, Defendant denies all allegations contained in said Paragraph.

23. Answering Paragraph 23, Defendant denies all allegations contained in said Paragraph and further avers that Plaintiff moved to Philadelphia, PA in October 2019.

24. Answering Paragraph 24, Defendant denies all allegations contained in said Paragraph.

25. Answering Paragraph 25, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis, they are denied.

26. Answering Paragraph 26, Defendant denies that Plaintiff had no knowledge that Plaintiff had been paying for Defendant's mobile phone service from May 2017 to March 2020.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said Paragraph, and on that basis, they are denied.

27. Answering Paragraph 27, Defendant admits the allegations in said Paragraph.

28. Answering Paragraph 28, Defendant admits that Defendant logged into Plaintiff's Verizon Wireless on March 9, 2020 without Plaintiff's knowledge.  Defendant denies that Defendant was not authorized to access the account online or that Defendant used a guessed password.

29. Answering Paragraph 29, Defendant admits that Defendant added Defendant's email address to the Verizon wireless account information in Plaintiff's account for Defendant's Verizon Cell phone line ending in 8812.  Defendant denies Defendant deleted Plaintiff's email address contained in the online account and Defendant denies impersonating Plaintiff, as Defendant reasonably assumed Defendant accessed the Verizon Wireless account in Defendant's capacity as an authorized account manager using Defendant's cell phone number and logon credential stored in "auto-fill" on Defendant's laptop computer.

30. Answering Paragraph 30, Defendant admits the allegations in said Paragraph.

31. Answering Paragraph 31, Defendant admits the allegations in said Paragraph.

32. Answering Paragraph 32, Defendant admits the allegations in said Paragraph.

33. Answering Paragraph 33, Defendant admits the allegations in said Paragraph.

34. Answering Paragraph 34, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis, they are denied.

35. Answering Paragraph 35, Defendant admits the allegations in said Paragraph, with the exception that Defendant denies that Defendant lacked authority to access Plaintiff's account, as Defendant reasonably assumed Defendant had authorized account manager status.

36. Answering Paragraph 36, Defendant admits that Defendant was able to view Plaintiff's personal information when Defendant logged on to Plaintiff's Verizon Wireless account, with the exception that Defendant denies that Defendant lacked authority to access Plaintiff's account, as Defendant reasonably assumed Defendant had authorized account manager status. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff was "forced to change his mobile phone carrier, close his bank account, and change banks," and on that basis, that allegation is denied.

37. Answering Paragraph 37, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis, they are denied.

38. Answering Paragraph 38, Defendant denies all allegations contained in said Paragraph.

39. Answering Paragraph 39, Defendant admits that Plaintiff was granted a Temporary Protection from Abuse Order on March 10, 2020 based upon Plaintiff's raw allegations that Defendant exhibited threatening and harassing behavior towards Plaintiff.

40. Answering Paragraph 40, Defendant admits that Plaintiff's Attorney Barbara B. Hill sent a letter dated May 15, 2020 to Defendant.

41. Answering Paragraph 41, Defendant admits that on the advice of Defendant's then-retained Counsel, Defendant did not respond to Attorney Barbara B. Hill's letter.

42. Answering Paragraph 42, Defendant denies all allegations in said Paragraph and further denies that Plaintiff is entitled to any relief therein requested in said Paragraph.

43. Answering Paragraph 43, Defendant denies that Plaintiff is entitled to any relief requested in said Paragraph.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF STORED COMMUNICATIONS ACT (CSA)
## 18 U.SC. §2701

44. Answering Paragraph 44, Defendant acknowledges that plaintiff is re-pleading all prior paragraphs and Defendant answers in response to said allegations as previously set forth above.

45. Answering Paragraph 45, Defendant admits that Defendant accessed Plaintiff's Verizon Wireless online account on a single occasion on March 9, 2020 and did so reasonably assuming that Defendant was an account manager authorized to access the account.

46. Answering Paragraph 46, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

47. Answering Paragraph 47, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

48. Answering Paragraph 48, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.  In addition, Defendant denies that Defendant accessed Plaintiff's Verizon Wireless online account without authorization, as Defendant reasonably assumed that Defendant accessed the Verizon Wireless account in Defendant's capacity as authorized account manager.

49. Answering Paragraph 49, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

## COUNT II
## VIOLATION OF STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS PROVISION OF PENNSYLVANIA'S WIRETAPPING ACT(the "Act")
## 18 Pa.C.S. §5741

50. Answering Paragraph 50, Defendant acknowledges that plaintiff is re-pleading all prior paragraphs and Defendant answers in response to said allegations as previously set forth above.

51. Answering Paragraph 51, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

52. Answering Paragraph 52, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

53. Answering Paragraph 53, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

54. Answering Paragraph 54, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.  In addition, Defendant denies that

Defendant accessed Plaintiff's Verizon Wireless online account without authorization, as Defendant reasonably assumed that Defendant accessed the Verizon Wireless account in Defendant's capacity as authorized account manager.

55. Answering Paragraph 55, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

56. Answering Paragraph 56, Defendant acknowledges that plaintiff is re-pleading all prior paragraphs and Defendant answers in response to said allegations as previously set forth above.

57. Answering Paragraph 57, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

58. Answering Paragraph 58, Defendant admits that Defendant accessed Plaintiff's Verizon Wireless online account on a single occasion on March 9, 2020 and did so reasonably assuming that Defendant was an account manager authorized to access the account.

59. Answering Paragraph 59, Defendant admits that Plaintiff's personal information would have been accessible to Defendant when Defendant accessed Plaintiff's Verizon Wireless account on March 9, 2020.  Defendant denies that Defendant accessed Plaintiff's Verizon Wireless online account without authorization, as Defendant reasonably assumed that Defendant accessed the Verizon Wireless account in Defendant's capacity as an authorized account manager.

60. Answering Paragraph 60, Defendant denies that Defendant accessed Plaintiff's Verizon Wireless online account without authorization, as Defendant reasonably assumed that Defendant accessed the Verizon Wireless account in Defendant's capacity as an authorized account manager. Defendant also admits that Plaintiff's personal information would have been accessible to Defendant when Defendant accessed Plaintiff's Verizon Wireless account on March 9, 2020.  As to the remaining allegations in said Paragraph, defendant lacks sufficient knowledge or information to form a belief as to the truth of said allegations, and on that basis, they are denied.

61. Answering Paragraph 61, Defendant denies all allegations contained in said Paragraph.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Answering Paragraph 62, Defendant acknowledges that plaintiff is re-pleading all prior paragraphs and Defendant answers in response to said allegations as previously set forth above.

63. Answering Paragraph 63, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

64. Answering Paragraph 64, Defendant denies that Defendant accessed Plaintiff's Verizon Wireless online account without authorization, as Defendant reasonably assumed that Defendant accessed the Verizon Wireless account in Defendant's capacity as an authorized account manager. Defendant also admits that Plaintiff's personal information would have been accessible to Defendant when Defendant accessed Plaintiff's Verizon Wireless account on March 9, 2020.  As to the remaining allegations

in said Paragraph, defendant lacks sufficient knowledge or information to form a belief as to the truth of said allegations, and on that basis, they are denied.

65. Answering Paragraph 65, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.  In addition, Defendant denies that Defendant accessed Plaintiff's Verizon Wireless online account without authorization, as Defendant reasonably assumed that Defendant accessed the Verizon Wireless account in Defendant's capacity as an authorized account manager.

66. Answering Paragraph 66, Defendant denies the allegations contained in said Paragraph.

67. Answering Paragraph 67, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis, they are denied.

68. Answering Paragraph 68, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis, they are denied.

69. Answering Paragraph 69, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

**COUNT V**
**CONVERSION**

70. Answering Paragraph 70, Defendant acknowledges that plaintiff is re-pleading all prior paragraphs and Defendant answers in response to said allegations as previously set forth above.

71. Answering Paragraph 71, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

72. Answering Paragraph 72, Defendant admits in allegations contained in said Paragraph.

73. Answering Paragraph 73, Defendant denies in allegations contained in said Paragraph.

74. Answering Paragraph 74, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in said Paragraph, and on that basis, they are denied.

75. Answering Paragraph 75, Defendant admits that Plaintiff paid Defendant's mobile phone bill for three (3) years, but denies that Plaintiff did so unknowingly.

76. Answering Paragraph 76, Defendant denies the allegations contained in said Paragraph.

77. Answering Paragraph 77, Defendant denies the allegations contained in said Paragraph.

78. Answering Paragraph 78, Defendant denies the allegations in said Paragraph.

79. Answering Paragraph 79, this paragraph purports to be a statement of the law and therefore neither requires an admission nor a denial.

**PRAYERS FOR RELIEF**

Defendant denies that Plaintiff is entitled to any damages or injunctive relief arising from the purported allegations and claims contained in Plaintiff's Complaint

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that plaintiff failed to acknowledge and plead a verbal agreement Plaintiff and Defendant entered into in May 2017 whereby Defendant paid for Plaintiff's automobile insurance and Plaintiff paid for Defendant's cellular phone service and that this agreement was still in effect in March, 2020.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that plaintiff consented to the act or omissions complained of in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's allegation that Plaintiff did not discover Plaintiff was paying for Defendant's cellular phone bill for a period approximating three years is disingenuous and not credible.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claim of Plaintiff is barred pursuant to the equitable doctrines of unclean hands, waiver and assumption of the risk.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each claim contained therein, is barred on the ground that this answering Defendant was not the cause in fact of any alleged damage, injury, or loss to Plaintiff, if any.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each claim contained therein, is barred on the ground that this answering Defendant was not a substantial cause of any alleged damage, injury, or loss to Plaintiff, if any.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations and/or California Code of Civil Procedure § 335.1 and 342.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is estopped by Plaintiff's own acts or omissions from recovery against this answering Defendant for the claims asserted in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff did not exercise ordinary care, caution, prudence, and good faith in connection with the events that are alleged in the Complaint; Plaintiff's lack of care, caution, prudence, and good faith was independent and unrelated to the actions or omissions, if any, of Defendant. Therefore, Plaintiff is barred from recovery against Defendant, or, alternatively, Plaintiff's recovery, if any, should be proportionately reduced.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's alleged damages, if any, contained in the Complaint, were caused by persons and/or entities other than this answering Defendant, who failed to exercise ordinary care, caution or prudence and were negligent or acted wrongfully in their dealing with Plaintiff, and that at all times, said persons or entities were acting without consent, authorization, knowledge and/or ratification of this answering Defendant.  Accordingly, any recovery against this answering Defendant by Plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claim of Plaintiff is barred pursuant to the equitable doctrine of consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Complaint fails to state sufficient facts to entitle Plaintiff to claim punitive or exemplary damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all the causes of action set forth in Plaintiff's Complaint are barred because Plaintiff failed to take reasonable steps to mitigate Plaintiff's damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other affirmative defenses as they may become known during the course of discovery, and here by specifically reserves the right to amend Defendant's answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, answering Defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of Plaintiffs Complaint, and that judgment be entered in favor of Defendant on each claim asserted against Defendant;

2. At answering Defendant recover Defendants cost of suit incurred hearing, including reasonable attorney's fees; and;

3. For such other and further relief as the court deems proper and just.

**LENTO LAW GROUP, P.C.**

By: _____
    D. SCOTT WIGGINS, ESQUIRE
Dated: January 4, 2021    Attorney for Defendant
    1500 Market Street
    12th Floor – East Tower
    Philadelphia, PA 19102

### REQUEST FOR JURY TRIAL

Defendant ANGELIQUA KUO nearby request a jury trial on all issues triable by jury, as provided by Federal Rules of Civil Procedure, Rule 38(a) and (b).

**LENTO LAW GROUP, P.C.**

By: _____
    D. SCOTT WIGGINS, ESQUIRE
Dated: January 4, 2021    Attorney for Defendant
    1500 Market Street
    12th Floor – East Tower
    Philadelphia, PA 19102