## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF
## PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT <br> **Plaintiff** <br><br> v. <br><br> ANGELIQUA KUO <br><br> **Defendants** | Case No. 2:20-cv-03188 |

## **RULE 26(f) REPORT**

**I.      Statement of the Case**

    **a.  Plaintiff's Statement**

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

    **b.  Defendant's Statement**

Defendant alleges she had an agreement with Plaintiff, established in 2017 (after Plaintiff and Defendant ended a romantic relationship), whereby Defendant paid for automobile insurance costs for Plaintiff and Defendant on an ongoing basis and Plaintiff, in return, paid for cellular phone service for Defendant and Plaintiff on an ongoing basis.  Moreover, Defendant was, at all times relevant

hereto, an authorized online account manager and/or possessed a good faith belief that she was cloaked with online account manager authority to access Plaintiff's cellular online account with Verizon Wireless.  In March 2020, Plaintiff, without notifying Defendant, had Defendant's cellular number turned off from within his Verizon wireless account., at which point Defendant was deprived of cellular phone service; service which Defendant had agreed to provide to Defendant and pay for same.  Using online account manager access that she already possessed, Defendant contacted Verizon Wireless and had her cellular phone line reactivated. In retaliation, and in violation of their oral understanding, Plaintiff then Contacted Verizon Wireless and definitively removed Defendant's cellular phone line from Plaintiff's account.

## II.     Subject Matter Jurisdiction

As pleaded, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States. On this matter, the Court has supplemental jurisdiction over claims based in Pennsylvania State Law as stated in 28 U.S.C. § 1367.

As discussed in more detail below, Defendant intends to being a motion under Fed. R. Civ. P. 11 because there is no case law supporting Plaintiff's assertions that the alleged conduct violates the Stored Communications act.  If successful, this Court would not have jurisdiction over the remaining claims.

## III.     Legal Issues

### a. Plaintiff's Statement

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

### b. Defendant's Statement

Defendant was authorized and/or possessed the good faith belief that Defendant was authorized to access Plaintiff's Verizon Wireless account to turn Defendant's wireless phone service back on. Defendant and Plaintiff had a mutual agreement of close to three-years' duration that (i) Defendant would pay for automobile insurance fees for both Plaintiff and Defendant on an ongoing basis and that (ii) Plaintiff would pay for cellular phone service fees of both Plaintiff's and Defendant's on an ongoing basis. Plaintiff breached that agreement when Plaintiff turned off Defendants cellular phone service.

Furthermore, Defendant maintains that the alleged conduct does not violate the stored communications act and intends to show that Plaintiff had no good faith basis for bringing the claim under the act.

## IV.   Parties

### a. Plaintiff

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

### b. Defendant

Defendant is Angeliqua Kuo, Plaintiff's former love interest and the natural mother of Plaintiff's natural daughter born March 2015.

Defendant identifies Plaintiff and the following as potential Defense witnesses:

1. Records Custodian, Verizon Wireless, Philadelphia, PA
2. Marcia Funt, Plaintiff's mother

### c. Key Documents

#### i. Plaintiff's Statement

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

#### ii. Defendant's Statement

- Records of automobile insurance payments made by Defendant since May 2017.
- Records of account ownership/authorized access respecting Plaintiff's Verizon Wireless account since May 2017.
- Records of billing statements from Plaintiff's Verizon Wireless account since May 2017.

### V. Insurance

Not Applicable

## VI. Magistrate Judge

The parties have not mutually consented yet to the case being assigned to a magistrate judge to preside over this action for all purposes.

## VII. Discovery

### a. Plaintiff's Statement

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

### b. Defendant's Statement

Defendant shall serve Plaintiff with written discovery requests, in the form of Interrogatories and Request for Production of Documents regarding witnesses and the evidence supporting Plaintiffs' claims, to Plaintiff's counsel on or before the end of April 2021.  Defendant further intends to depose Plaintiff and Plaintiff's mother Marcia Funt.  Based on the responses to that discovery, Defendant may conduct additional depositions and written discovery as appropriate regarding the evidence supporting Plaintiffs' claims and damages.

### c. Parties' Proposed Schedule

Because Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.  As such, no

agreed upon schedule for filing deadlines has been agreed upon and the following is Defendant's proposed schedule:

    (1) Deadline to serve Rule 26 initial disclosures:  April 1, 2021

    (2) Deadline to serve non-expert written discovery:  May 1, 2021

    (3) Deadline to complete non-expert discovery and file motion to compel: September 1, 2021

    (4) Expert disclosure deadline:  October 1, 2021

    (5) Rebuttal expert disclosure deadline:  November 1, 2021

    (6) Deadline to complete expert discovery and file motion to compel: December 1, 2021.

### VIII.  Motions

#### a. Plaintiff's Statement

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.  Defendant accordingly does not know what motions, if any there be, Plaintiff will be filing in the future.

#### b. Defendant's Statement

Defendant's preliminary research has shown that there is no legal basis for Plaintiff to have raised his claims under the Stored Communications Act and state court analogue.  As such, Defendant is drafting a motion under Fed. R. Civ. P 11 for those claims to be withdrawn.  Given that federal jurisdiction exists only

because of the Stored Communications act claim, this case should never have been commenced in federal court,

### IX. Class Certification

Not applicable.

### X. Dispositive Motions

No agreement as to deadlines for dispositive motions has been agreed upon as yet, as Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

### XI. Settlement/Alternative Dispute Resolution

The parties have engaged in settlement negotiations and they continue.

### XII. Pretrial Conference and Trial

No agreement as to dates for the Pretrial Conference and/or Trial have been agreed upon as yet, as Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

(1) Pretrial Conference:  TBD

(2) Trial:  TBD

### XIII. Trial Estimate

    a. **Plaintiff's Statement**

Plaintiff's counsel postponed the Rule 26(f) meet and confer conference scheduled for Monday, March 1, 2021 and so, Defendant is filing this Rule 26(f) Report unilaterally to meet the Court's deadline for filing.

    b. **Defendant's Statement**

One day for the presentation of Defendant's case, provided this matter is a bench trial. If the Plaintiff requests a jury trial, Defendant estimates it will need no more than Three (3) days to present its case.

### XIV. Trial Counsel

    a. **Plaintiff**
        Barbara Hill
        Steve Harvey Law LLC
        1800 John F. Kennedy Blvd, Suite 1715
        Philadelphia, PA 19103
        barbara@steveharveylaw.com
        215-436-6600

    b. **Defendant**
        Keith Altman (*pro hac vice*)
        Lento Law Group
        1500 Market Street, 12th Floor – East Tower
        Philadelphia, PA 19102
        kaltman@lentolawgroup.com
        516-456-5885

### XV. Independent Expert of Master

Not Applicable

## XVI.     Other Issues

TBD

Dated:  March 1, 2021

                              BARBARA HILL, ESQUIRE
                              Steve Harvey Law LLC
                              *Attorneys for Plaintiff Zachary Funt*

Dated:  March 1, 2021     /s/ D. Scott Wiggins

                              D.SCOTT WIGGINS, ESQUIRE
                              Lento Law Group LLC
                              *Attorney for Defendant Angeliqua Kuo.*

The attorney filing this document attests that all Defense signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 1, 2021     /s/ D. Scott Wiggins

                              D. SCOTT WIGGINS, ESQUIRE
                              *Attorney for Defendant*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| ZACHARY FUNT | : |
|            Plaintiff | : |
| | : |
|     v. | : |
| | :   Case No. 2:20-cv-03188 |
| ANGELIQUA KUO | : |
| | : |
|            Defendants | : |
| | : |

**CERTIFICATION OF SERVICE**

I hereby certify that on March 1, 2021, a true and correct copy of Defendant's Unilateral Rule 26(f) Report for the Court was served via E-Courts filing to all counsel of record upon:

Barbara B. Hill, Esquire
Stephen G. Harvey, Esquire
STEVE HARVEY LAW LLC
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to discipline.

*/s/ D. Scott Wiggins*
_____
D. Scott Wiggins, Esquire
Attorney for Defendant

Dated: March 1, 2021