# Steve Harvey Law LLC

Stephen G. Harvey<br>
Attorney at Law<br>
steve@steveharveylaw.com

March 2, 2021

**Via ECF**

Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
7614 U.S. Courthouse
Philadelphia, PA 10106-1741

    Re:    *Funt v. Kuo*, No. 2:20-cv-03188

Dear Judge Goldberg:

    Please accept this letter as the Plaintiff's submission under Rule 26(f). The plaintiff is represented by my colleague Barbara Hill and me. The facts and procedural history were fully described in ECF No. 8-1.

    I apologize that this letter is being filed the day after the deadline for the report. I tried to file last night but the system was down for maintenance.

    The main purpose of writing is to object to the pro hac vice admission of Keith Altman and to any role in this action for John Groff, "Office Manager" of the Lento Law Firm.

    The defendant is represented by Scott Wiggins, a member of the Pennsylvania bar, and Keith Altman, whose pro hac vice admission Your Honor approved last week. I hoped to submit an objection before Your Honor ruled, but I could not get it in in the short time between the application and the ruling.

    I cannot object to the continued role of Mr. Wiggins as counsel, but so far his role has been very limited. I note that his information on file at the Pennsylvania Disciplinary Board indicates that he does not take private clients. https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-

Steve Harvey Law LLC

Honorable Mitchel S. Goldberg
March 2, 2021
Page 2

detail/54539. However, I must object to the involvement of Mr. Altman and Mr. Groff.

     Before Mr. Altman was admitted pro hac vice, Ms. Hill and I recently engaged in settlement communications with him in which he, incredibly, threatened Rule 11 sanctions. Ms. Hill spoke with him by phone and I reviewed his emails that included this threat. I told him I would not deal with him, because he is not a member of the Pennsylvania bar.

     This was not my first problem in this case with the Lento Law Firm. Earlier, Ms. Hill had received communications from a "paralegal" for the Lento Law Firm after the answer was already due seeking an extension. This "paralegal" was John Groff, who had previously identified himself as an "office manager." Ms. Hill told him, at my direction, to have an attorney call us, because we cannot deal with a paralegal on such a matter. This led Mr. Groff to file a certification with the Court claiming that he had been "entrusted with the representation of the Defendant." ECF No. 7 at 6. He even signed the paper under the Wherefore clause as "office manager" as if he were an attorney on the case. *Id*. at 7.

     I hope the Court will not fault me for being unwilling to communicate and deal with Mr. Groff, but I believe an attorney not only has no obligation to communicate with a non-attorney representative of a party, but should not do so unless they know the paralegal and the attorney with whom they work.

     Incidentally, this same John Groff is apparently the subject of ongoing litigation for his work as "office manager" for the law offices of Conrad Benedetto in legal work related to the Pulse Night Club in federal district court in New Jersey. *Sentinel Ins. Co. v. Benedetto*, No. 19-20142 (USDC N.J.) (Complaint ¶ 17) ("The complaints in the Underlying Actions allege that almost immediately after the Pulse Shooting, the underlying plaintiffs were solicited by Defendant Groff, who introduced himself as the Benedetto Firm's office manager.").

     Given this history, I was very taken back by Mr. Altman's threat to seek sanctions during initial settlement communications. My concern about my opposing counsel and the way they intend to litigate this action is heightened by the following statement in the Defendant's Rule 26(f) report:

> Defendant's preliminary research has shown that there is no legal basis for Plaintiff to have raised his claims under the Stored Communications Act and state court analogue. As such, Defendant is

Steve Harvey Law LLC

Honorable Mitchel S. Goldberg
March 2, 2021
Page 3

> drafting a motion under Fed. R. Civ. P 11 for those claims to be withdrawn. Given that federal jurisdiction exists only because of the Stored Communications act claim, this case should never have been commenced in federal court,

ECF No. 16 at 6-7. The suggestion, based on "preliminary research," that the parties and the Court should devote resources to litigating a Rule 11 motion in this small case, at this stage of the case, cause me to question whether counsel has properly reviewed this submission.

Plaintiff does not object if Defendant wants to avail itself of Rule 11, because any such claim is baseless, but Defendant's counsel should understand that threatening Rule 11 is not a sound strategy for resolving the case. It certainly will not help to resolve the case cost effectively, which is Plaintiff's goal.

In short, Mr. Altman should not be permitted to appear pro hac vice in this action and Mr. Groff as a non-attorney should not have any further role in communicating on behalf of the Defendant in this action.

As for the remainder of the topics called for by Rule 11, the reality is that communications between counsel have broken down for the reason discussed above. For that reason, I was disinclined to confer again with counsel, because I feared it would be fractious, given Defendant's notion that the next step in the action is to litigate a Rule 11 sanctions motion. But as it turned out I had a hearing before Judge Griffith in Chester County last Friday and yesterday and could not confer in any event.

Plaintiff does not object to the deadlines proposed by Defendant. We would like to confer with the Court and counsel about the best way to resolve this matter as fairly and cost effectively as possible.

Respectfully,

*Stephen D. Harvey*

Stephen G. Harvey

cc:   D. Scott Wiggins, Esquire (via ECF)
      Keith Altman, Esquire (via ECF)
      Barbara Hill, Esquire (via ECF)